**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 15-4493**

———————

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

PAMELA KAY OXENDINE,

             Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  Louise W. Flanagan, District Judge.  (4:14-cr-00075-FL-2)

———————

Submitted:  December 14, 2015        Decided:  February 2, 2016

———————

Before THACKER and HARRIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Dismissed by unpublished per curiam opinion.

———————

John K. Wiles, CHESHIRE PARKER SCHNEIDER & BRYAN, PLLC, Raleigh, North Carolina, for Appellant.   Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pamela Kay Oxendine pled guilty, pursuant to a written plea agreement, to possession of stolen firearms and aiding and abetting, in violation of 18 U.S.C. §§ 922(j), 924(a)(2), 2 (2012). The district court sentenced Oxendine to a within-Guidelines sentence of 37 months' imprisonment. On appeal, Oxendine argues that the district court erroneously calculated her Guidelines range and that she was denied effective assistance of counsel at sentencing.

The Government seeks to enforce the appellate waiver provision of the plea agreement and has moved to dismiss Oxendine's appeal. In response, Oxendine asserts that the issues she raises on appeal are outside the scope of the waiver.

A defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C. § 3742 (2012). United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). Generally, "if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver," it is enforceable. United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012) (internal quotation marks omitted). A defendant's waiver is valid if she agreed to it "knowingly and intelligently." United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010). "Although the validity of an appeal waiver often depends on the adequacy of the plea colloquy, the issue

2

ultimately is evaluated by reference to the totality of the circumstances," United States v. Davis, 689 F.3d 349, 355 (4th Cir. 2012) (internal quotation marks omitted), such as "the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." Thornsbury, 670 F.3d at 537 (internal quotation marks omitted). We review de novo whether a defendant has effectively waived her right to appeal. United States v. Copeland, 707 F.3d 522, 528 (4th Cir. 2013).

In her plea agreement, Oxendine agreed to waive her right to appeal a within-Guidelines sentence, but reserved her right to raise on appeal issues of ineffective assistance of counsel or prosecutorial misconduct. Oxendine does not challenge the validity of her waiver of appellate rights, but contends that the issues she raises on appeal are outside the scope of the waiver.

As the district court imposed a sentence within the Guidelines range established at sentencing, Oxendine's challenge to her sentence falls within the scope of the waiver and may not be reviewed by this court. However, Oxendine's claim that counsel was ineffective at sentencing is outside the scope of the waiver and is subject to appellate review. Nevertheless, claims of ineffective assistance of counsel should be raised in a 28 U.S.C. § 2255 (2012) motion rather than on direct appeal,

3

unless the appellate record conclusively demonstrates ineffective assistance.  <u>United States v. Benton</u>, 523 F.3d 424, 435 (4th Cir. 2008).  Because the record here does not conclusively show that counsel was constitutionally ineffective, we decline to review this claim on direct appeal.

Accordingly, we grant in part and deny in part the Government's motion to dismiss, and dismiss the appeal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>